UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICKY D. JOHNSON,                           )
                                            )
            Plaintiff,                      )
                                            )
      vs.                                   )   Case No. 1:14-cv-49-LJM-DML
                                            )
CORIZON MEDICAL SERVICES, INC.              )
et al.,                                     )
                                            )
            Defendants.                     )
                                            )

**Entry Discussing Complaint, Dismissing Insufficient Claims,
and Directing Further Proceedings**

**I.**

Plaintiff Ricky Johnson, an inmate of the Miami Correctional Facility, brings this civil rights action alleging that he received constitutionally inadequate medical care for a broken hip while housed at the Pendleton Correctional Facility, Wabash Valley Correctional Facility, and the Miami Correctional Facility. He seeks compensatory and punitive damages. He brings claims pursuant to 42 U.S.C. § 1983 and for negligence.

**II.**

The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007). To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Johnson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Applying the standards set forth above, certain claims are dismissed while other claims shall proceed, consistent with the following:

- Johnson's claim against Corizon Medical Services ("CMS") pursuant to 42 U.S.C. ' 1983 is **dismissed** because CMS is a corporation. A private corporation is not vicariously liable under 42 U.S.C. ' 1983 for its employees' deprivations of others' civil rights, but can only be liable if the injury alleged is the result of a policy or practice. *Johnson v. Dossey,* 515 F.3d 778, 782 (7th Cir. 2008). This element of a viable claim is absent as to the claim against CMS.

- Johnson's state law negligence claims against CMS **shall proceed** because there is no such restriction on *respondeat superior* liability for state law negligence claims. *See Grzan v. Charter Hosp. of Nw. Indiana*, 702 N.E.2d 786, 792 (Ind. Ct. App. 1998) ("Under the doctrine of respondeat superior, a master or principal is chargeable with, and liable for, any negligent act committed by his servant or agent while such servant or agent is acting in the course of his employment and in the line of his duty.") (citing *United Farm Bureau Mutual Ins. Co. v. Blossom Chevrolet,* 668 N.E.2d 1289, 1291 (Ind. Ct. App.1996)).

- Johnson's claim against Commissioner Bruce Lemmon is **dismissed** because no misconduct is attributed to Commissioner Lemmon apart from his supervisory position, and this will not support a claim for relief. *See West v. Waymire*, 114 F.3d 646, 649 (7th Cir. 1997) ("the doctrine of respondeat superior is not available to a plaintiff in a section 1983 suit").

- Johnson's claims against Dr. Gregory Haynes and Dr. Naveen Rajoli are **dismissed** because there is no allegation of wrongdoing on their part. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).

- Johnson's claims against Mary Bloomquist, William Wolfe, and Robert Eichelberger for negligence and failure to provide constitutionally adequate medical care **shall proceed**.

- Johnson's claim against Benjamin Loveridge is dismissed as violative of the joinder of claims limitation of the Federal Rules of Civil Procedure. AUnrelated claims against different defendants belong in different suits.@ *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 20 of the *Federal Rules of Civil Procedure* allows joinder of multiple defendants only when 1) the allegations against them involve the same transaction or occurrence and, 2) common questions of fact and law will arise as to all defendants. Johnson may refile his claims against Loveridge in a separate action in a forum with proper venue.

### III.

In summary, Johnson's claims against Mary Bloomquist, William Wolfe, and Robert Eichelberger for negligence and failure to provide constitutionally adequate medical care **shall**

**proceed**. Johnson's claim against CMS for negligence **shall proceed**. His claims against Bruce Lemmon, Gregory Haynes, Naveen Rajoli, and Benjamin Loveridge **are dismissed**.

The **clerk shall issue and serve process** on defendants Corizon Medical Services Inc., Mary Bloomquist, William Wolfe, and Robert Eichelberger in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process in this case shall consist of the complaint, applicable forms, and this Entry.

**IT IS SO ORDERED.**

Date: 01/21/2014

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ricky D. Johnson
922973
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914

Corizon Medical Services
105 West Park Drive Suite 200
Brentwood, TN 37027

Mary Bloomquist, RN
William H. Wolfe, M.D.
      At:    Pendleton Correctional Facility
              4490 W. Reformatory Rd.
              Pendleton, IN 46064

Robert Eichelberger, M.D.
Image South
Hillside Medical Plaza
224 1st Street North Suite 150
Alabaster, AL 35007-9081