UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RICKY D. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:14-cv-49-LJM-DML |
| | ) |
| CORIZON MEDICAL SERVICES INC., et al., | ) |
| | ) |
| Defendants. | ) |

**Order Granting Defendant Robert Eichelberger's Motion for Summary Judgment**

Plaintiff Ricky Johnson, an inmate of the Miami Correctional Facility, brings this civil rights action alleging that he received constitutionally inadequate medical care for a broken hip while housed at the Pendleton Correctional Facility. Defendant Robert Eichelberger moves for summary judgment on Mr. Johnson's claims of deliberate indifference and negligence.

**I. Summary Judgment Standard**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support that assertion by[ ] ... citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1). The moving party has an initial burden of informing the court of the basis for the motion and showing that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). If the non-moving party will bear the burden of proving the material issue at trial, then in order to defeat summary judgment, he must respond by going beyond the pleadings,

and by his own affidavits, or by the discovery on file, identify facts sufficient to establish the existence of a genuine issue for trial. *See id.* "No genuine issue of material fact exists if a party has failed to 'make a showing sufficient to establish the existence of an element ... on which that party will bear the burden of proof at trial.'" *Id.*

## II. Undisputed Facts

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Mr. Johnson as the non-moving party with respect to the motion for summary judgment. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000).

On August 7, 2012, Mr. Johnson, who was an inmate at Pendleton Correctional Facility, presented to Mary Blomquist, R.N., with complaints of bilateral hip pain and right knee pain. In her physical exam, Nurse Blomquist noted that Mr. Johnson's knee was not tender, discolored, numb, or swollen, that his range of motion was within normal limits, and that his gait was normal. Nurse Blomquist referred Mr. Johnson to Dr. William Wolfe. Upon his examination of Mr. Johnson, Dr. Wolfe ordered x-rays. On August 9, 2012, Mr. Johnson underwent x-rays at Pendleton Correctional Facility. Dr. Eichelberger interpreted Mr. Johnson's August 9, 2012, x-rays at his office in Birmingham, Alabama, and faxed his completed report back to Dr. Wolfe on August 13, 2012. Dr. Eichelberger's report noted that the x-rays showed no evidence of a fracture or significant degenerative change in either hip, although Dr. Eichelberger did note fairly severe lumbar degenerative changes. Dr. Eichelberger's interpretation of Mr. Johnson's August 9, 2012, x-rays was the only involvement of Dr. Eichelberger in the treatment of Mr. Johnson.

## III. Discussion

Dr. Eichelberger moves for summary judgment on Mr. Johnson's claims arguing that he was not deliberately indifferent or negligent in his treatment of Mr. Johnson.

### A. *Deliberate Indifference*

Dr. Eichelberger argues that he was not deliberately indifferent to Mr. Johnson's serious medical needs. "[A] claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition; and 2) an official's deliberate indifference to that condition." *Arnett v. Webster,* 658 F.3d 742, 750 (7th Cir. 2011). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id.* There is no evidence here that Dr. Eichelberger was aware of and disregarded a serious risk to Mr. Johnson. Dr. Eichelberger's only contact with Mr. Johnson was a single review of his x-rays. Even if he misinterpreted those x-rays, and there is no evidence that he did, such misinterpretation on one occasion would amount merely to negligence, not deliberate indifference. Dr. Eichelberger is therefore entitled to summary judgment on Mr. Johnson's deliberate indifference claim.

### B. *Negligence*

Dr. Eichelberger also moves for summary judgment on Mr. Johnson's negligence claim. Under Indiana law, to show negligence, a plaintiff must show: (1) a duty to conform one's conduct to a standard of care arising from the relationship with the defendant, (2) a failure to conform one's conduct to the standard of care required, and (3) an injury caused by the failure. *Perkins v. Lawson*,

312 F.3d 872, 876 (7th Cir. 2002). In a medical malpractice case, "expert medical testimony is usually required to determine whether a physician's conduct fell below the applicable standard of care." *Bader v. Johnson*, 732 N.E.2d 1212, 1217-18 (Ind. 2000); *see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 753 (7th Cir. 2004) ("[U]nder Indiana law a prima facie case in medical malpractice cannot be established without expert medical testimony."). "This is generally so because the technical and complicated nature of medical treatment makes it impossible for a trier of fact to apply the standard of care without the benefit of expert opinion on the ultimate question of breach of duty." *Bader*, 732 N.E.2d at 1217-18. Expert testimony is required unless the defendant's conduct is "understandable without extensive technical input" or "so obviously substandard that one need not possess medical expertise to recognize the breach." *Gipson v. United States*, 631 F.3d 448, 451 (7th Cir. 2011) (quoting *Narducci v. Tedrow,* 736 N.E.2d 1288, 1293 (Ind. Ct. App. 2000); see also *Harris v. Raymond,* 715 N.E.2d 388, 394 (Ind.1999); *Culbertson v. Mernitz,* 602 N.E.2d 98, 104 (Ind. 1992); *Musser v. Gentiva Health Services,* 356 F.3d 751, 760 (7th Cir. 2004)).

Here, Dr. Eichelberger argues that the care he provided met the standard of care and that he did not breach any duty to Mr. Johnson. The Court cannot say that the proper diagnosis of a hip fracture by x-ray is so obvious as to be within the understanding of lay people. Mr. Johnson must therefore present expert testimony. Mr. Johnson points to the records of Dr. Madsen, the orthopedic surgeon who repaired his hip, which stated that his hip had been broken for seven months. But these records do not establish the standard of care for radiologists or that Dr. Eichleberger misinterpreted the August 9, 2012 hip x-ray. That x-ray is not mentioned in Dr. Madsen's records. Mr. Johnson has therefore provided no expert testimony to show that Dr.

Eichelberger failed to meet the standard of care when he interpreted Mr. Johnson's x-rays. Dr. Eichelberger is entitled to summary judgment on Mr. Johnson's negligence claim.

## V. Conclusion

For the foregoing reasons, Dr. Eichelberger's motion for summary judgment [dkt 53] is **granted**. No partial final judgment shall issue as to the claims resolved in this Order.

**IT IS SO ORDERED.**

Date: _____04/14/2015_____

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ricky D. Johnson
922973
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN 46914

All electronically registered counsel